IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR321** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RALPH CORDY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Ralph Cordy: to extend the time for the filing of pretrial motions (Filing No. 33) supported by a brief (Filing No. 34); in limine (Filing No. 35); to produce independent analysis of physical evidence and protective order (Filing No. 36) supported by a brief (Filing No. 37); for a *Daubert* hearing (Filing No. 38); for designation of government experts (Filing No. 39); and for an order declaring 18 U.S.C. § 2252(a)(4)(B) unconstitutional (Filing No. 40).[1]

## FACTUAL BACKGROUND

On October 16, 2006, Cordy was charged in a one-count Indictment with possession of child pornography pursuant to 18 U.S.C. § 2252(a)(4)(B). (Filing No. 1.) At Cordy's initial appearance on October 18, 2006, the pretrial motion deadline was scheduled for November 7, 2006. (Filing No. 6.) Cordy was released on bond. (Filing No. 7.) On November 8, 2006, the Court granted Cordy's motion to extend the pretrial motion deadline until November 22, 2006. Cordy's counsel requested the continuance for the following

---

[1]The motions appearing as Filing Nos. 38, 39, and 40 were filed by counsel as "briefs" rather than "motions," and therefore they are not reflected in the Court's electronic filing system as "motions." Nevertheless, the documents are treated as "motions."

reasons: counsel had depositions scheduled in a state court case; discovery was provided one day late in the instant case; and a search warrant and search warrant affidavit were not originally included with the discovery in this case.  (Filing No. 10.)  On November 21, 2006, Cordy filed a motion to suppress.  (Filing No. 12.)  The motion was heard, and on February 8, 2007, Magistrate Judge Thomas D. Thalken issued his report and recommendation denying the motion to suppress.  (Filing No. 22.)  No objections were filed to the report and recommendation, and on March 5, 2007, this Court adopted the report and recommendation.  (Filing No. 23.)

Also on March 5, 2007, trial was scheduled for March 27, 2007.  (Filing No. 24.)  On March 7, 2007, Cordy moved to continue the trial date because of a state court trial and a sabbatical that counsel would "hopefully" be taking beginning June 1, 2007.  (Filing No. 26.)  The request was granted, and trial was rescheduled to April 24, 2007.  (Filing No. 27.)  The parties then filed a joint motion to continue the trial date, stating that discovery was not complete and additional forensic information was being sought by both parties.  Defense counsel stated that he would be unavailable on the following dates: May 18, 2007, though June 11, 2007 (out of the country); June 15, 2007 (state court sentencing); June 22, 2007, possibly thorough July 23, 2007 (jury duty in Scottsdale, Arizona); and September 1, 2007, through November 15, 2007 (in New York City).  (Filing No. 29.)  On April 17, 2007, a hearing was held with respect to the joint motion.  (Filing No. 32.)  At the hearing, the Court learned that the government was awaiting the results of an investigation expected no later than June 10, 2007.  The government was awaiting receipt of a computer program that would determine whether a virus might have inserted child pornographic images into Cordy's computer without his knowledge.  This investigation was prompted by the

possibility that the defense would obtain an expert to testify that the images in question were unknowingly placed in Cordy's computer. At the hearing, in light of this information, the Court granted the parties' motion to continue the trial date. The trial was rescheduled to July 2, 2007.

On May 18, 2007, defense counsel filed the motions now before the Court.

## DISCUSSION

### *Motion to Extend (Filing No. 33)*

The motion requests an additional week[2] to file pretrial motions because defense counsel has "uncovered new approaches and theories concerning the government's prosecution of cases involving digital imagery of children." The motions sought to be filed are the following:

- -- a motion to declare the statute unconstitutional for vagueness and overbreadth;[3]

- -- a motion in limine regarding CDs found at the Defendant's home during the search warrant;[4]

- – a request for a "*Knellinger* protective order" to allow Defendant's expert access to computers and related equipment taken during execution of the search warrant;

---

[2] Apparently, defense counsel is unaware that the pretrial motion deadline expired on November 22, 2006.

[3] This motion has been filed. (Filing No. 40.)

[4] This motion has been filed. (Filing No. 35.)

3

>   --    a request for a *Daubert* hearing;[5]
>
>   --    a request for the government's experts, if any;[6] and
>
>   --    if necessary, a motion to continue trial.

(Filing No. 33.)

Regarding the timing of any hearing that this Court might have set on the motion, defense counsel represented in the motion that he is unavailable on the following dates: from May 18, 2007, through June 10, 2007 (in Italy); on June 25-26, 2007 (jury duty in Scottsdale, Arizona); and June 27 through 28, 2007 (oral argument in the state supreme court).

The pretrial motion deadline of November 22, 2006 was not extended. (Filing No. 10.) The order continuing trial did not continue the pretrial motion deadline. (Filing No. 27.) The motion to extend the pretrial motion deadline now before the Court was filed on May 18, 2007, almost six months after the deadline for filing pretrial motions expired. (Filing No. 33.)

The applicable local rule of practice provides that a pretrial motion deadline "shall be strictly enforced unless the court grants an extension of time." NECrimR 12.3(a). Furthermore, the rule states that "[a]bsent good cause shown, a motion for an extension of time to file pretrial motions must be made within the time set for the filing of pretrial motions. Motions for extensions of time to file pretrial motions will be granted only upon a showing of good cause." *Id.*

---

[5]This motion has been filed. (Filing No. 38.)

[6]This motion has been filed. (Filing No. 39.)

4

The motion to extend the pretrial motion deadline is denied as untimely, and the motion fails to show good cause for allowing the request outside of the period allowed for filing pretrial motions. Moreover, even if the Court were to entertain the merits, the motion fails to set forth good cause for an extension. Although defense counsel represents that he has uncovered "new" theories of defense, nothing in the motions filed with the Court indicates that he could not have uncovered these theories of defense prior to the expiration of the pretrial motion deadline. As defense counsel candidly stated, he has "no good reason for not having discovered" the newly found theories earlier. For example, defense counsel only recently discovered *Ashcroft v. Free Speech Coalition,* 535 U.S. 234 (2002) and *Free Speech Coalition v. Reno,* 198 F.3d 1083 (9th Cir. 1999).[7] Defense counsel also cites to a more recent case, *United States v. Knellinger,* 471 F. Supp. 2d 640 (E.D. Va. 2007). In *Knwellinger,* the court addressed 18 U.S.C. § 3509(m),[8] enacted as part of the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, 120 Stat. 587 (2006), which was signed into law on July 27, 2006. Section 3509(m) prohibits the reproduction of child pornography. Specifically, § 3509(m) provides that in criminal proceedings child

---

[7] In both cases, §§ 2256(8)(B) and 2256(8)(D) were found to be unconstitutionally vague and overbroad. *Ashcroft, 535 U.S.* at 258; *Reno,* 198 F.3d at 1097. Neither decision addressed § 2252(a)(4)(B), the statute that Cordy argues is unconstitutional. (Filing No. 40.)

[8] 18 U.S.C. 3509(m) prohibits the reproduction of child pornography. Specifically, § 3509(m) provides that in criminal proceedings child pornographic images shall remain in the government's custody notwithstanding Federal Rule of Criminal Procedure 16 discovery procedures, provided that the material is reasonably available to the defense. "Reasonable availability" is defined as "ample opportunity for the inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

pornographic images shall remain in the government's custody notwithstanding Federal Rule of Criminal Procedure 16 discovery procedures, provided that the material is reasonably available to the defense. "Reasonable availability" is defined as "ample opportunity for the inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B). The court found § 3509(m) constitutional on its face. *Id.* at 649-50. The court found the as-applied challenge moot, because in light of unrebutted testimony indicating the need for a copy of the images to be supplied to the defense the court ordered pursuant to § 3509(m)(2)(A) that a copy be provided. *Id.* at 645-50.

Although defense counsel rests "new" defense tactics on *Knellinger,* the motion to extend is nevertheless denied. The *Knellinger* case was distinguished in *United States v. Renshaw,* No. 1:05-CR-00165, 2007 WL 710239 (S.D. Ohio Mar. 6, 2007) as a case involving a situation in which the evidence showed that the defendant would have been "forced to incur cost-prohibitive expenses to transport expert equipment to a government facility," and therefore the government could not provide the required ample opportunity for examination of the evidence. *Id.* at *1. The *Renshaw* court concluded that a similar record was not present in that case, and therefore the court could not conclude that § 3509(m) was unconstitutional on its face or as applied. *Id.*; *Accord United States v. Sturm,* No. 06-CR-00342-LTB, 2007 WL 1453108, at *6 (D. Colo. May 17, 2007); *United States v. O'Rourke,* 470 F. Supp. 2d 1049, 1061-63 (D. Ariz. 2007); *United States v. Johnson,* 456 F. Supp. 2d 1016, 1019-20 (N.D. Ia. 2006).

6

Lastly, the Defendant refers to an argument that Cordy cannot be expected to know the difference between a digitally altered photograph and an actual child. (Filing No. 34.) This defense is not a novel one. *See United States v. Horn,* 187 F.3d 781, 789 (8th Cir. 1999) (stating that the element of knowledge under § 2252(a)(4)(B) is satisfied by evidence showing that a defendant knew or had reason to know that the images include minors).

For the reasons discussed, the motion to extend is denied.

### *In Limine (Filing No. 35)*

The motion in limine was filed prematurely. The Court's progression order requires that motions in limine be filed no earlier than 14 days prior to trial and no later than two business days before trial. (Filing No. 6, ¶ 4.) However, the motion in limine will be held in abeyance and decided in chambers at the pretrial meeting to be held at 8:30 a.m. on the first day of trial.

### *Independent Analysis of Physical Evidence and Protective Order*

The motion for independent analysis of physical evidence and protective order requests, pursuant to the Defendant's Fifth Amendment rights to due process and a fair trial and Sixth Amendment right to counsel, production of the images to the defense "without a case agent 'babysitting' the defense." (Filing Nos. 36, 37.) This motion is based on the *Knellinger* case discussed above in conjunction with the Defendant's motion to extend the pretrial motion deadline. For the reasons discussed in that portion of this memorandum and order, including the lack of any showing in Cordy's case that the

material in question is not reasonably available,[9] the motion for independent examination of physical evidence and protective order is denied.

**Daubert** *Hearing*

The *Daubert* motion is unspecific, stating only that the defense wishes to "determine whether or not the government's experts meet the Daubert requirements." (Filing No. 38.) Defense counsel then requests that the motion be "treated as its brief," because the motion does not contain "any unusual aspects." (*Id.*)

The motion is denied. The motion is untimely. NECrimR 12.3(a). Moreover, the motion contains no specifics related to this case. Finally, the motion is unsupported by a brief as required by the Court's progression order at Filing No. 6, ¶ 4 and NECrimR 12.3(b)(1), and therefore is deemed waived.[10] The Defendant's request essentially to suspend the requirement of an accompanying brief is denied.

*Designation of Government's Experts*

Without discussion, the Defendant moves for an order requiring the government to designate its expert witnesses by a date certain. (Filing No. 39.)

The record does not indicate whether the Defendant requested Rule 16 discovery. However, there is an open file policy (Filing No. 7) and the government is under a continuing duty to disclose pursuant to Federal Rule of Criminal Procedure 16(c). Finally, the Defendant has not complied with NECrimR 12.3(b)(3) requiring: a statement verifying

---

[9]Similarly, the defense offers no showing why the evidence cannot be viewed in the company of a government agent or attorney thereby avoiding chain of custody difficulties.

[10]A motion may be deemed abandoned when not accompanied by a brief. NECrimR 12.3(b)(1).

that defense counsel conferred with counsel for the government in a good faith effort to resolve the issue; and a statement that the parties have not been able to resolve the matter. The showing must include the time, date and place of any such communications and the names of persons participating in those discussions. NECrimR 12.3(b)(3).

## CONCLUSION

For the reasons discussed, the Defendant's motion in limine is held in abeyance pending the pretrial meeting. Otherwise, the Defendant's motions are denied.

IT IS ORDERED:

1. The Defendant's motion in limine (Filing No. 35) is held in abeyance as described in the memorandum; and

2. The following motions filed by the Defendant are denied: motion to extend time (Filing No. 33); motion to produce independent analysis of physical evidence and protective order (Filing No. 36); motion for a *Daubert* hearing (Filing No. 38); motion for designation of government experts (Filing No. 39); and motion for an order declaring 18 U.S.C. § 2252(a)(4)(B) unconstitutional (Filing No. 40).

DATED this 22nd day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge